9 F.3d 1549
 87 Ed. Law Rep. 384
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.
Chicago School Finance Authority, Intervenor-Appellant.
 No. 93-3582.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1993.
Decided Nov. 10, 1993.
 
 Before POSNER, Chief Circuit Judge, and BAUER and CUDAHY, Circuit Judges.
 
 
 1
 This is an appeal by the Chicago School Finance Authority from a purported temporary restraining order suspending the operation of an Illinois state law which prohibits the City of Chicago's public school system from making expenditures (other than for debt service) except pursuant to a budget approved by the finance authority. The order expires at midnight on November 15, and a hearing is scheduled in the district court for that day, so this court set an expedited briefing schedule, and the last brief was filed on November 8.
 
 
 2
 Thirteen years ago the school board entered into a consent decree with the United States forbidding de facto segregation of the Chicago public schools. Also in 1980 the State of Illinois enacted the School Finance Authority Act, 105 ILCS 5/34A-101 et seq., which established the Chicago School Finance Authority to issue school bonds and monitor the school board's finances. The Authority has approval power over the budget, and if it does not approve, the school board cannot spend. That is what happened in September of this year. As a result, the public schools did not reopen after the summer break.
 
 
 3
 The school board asked the district court to authorize the board to spend in violation of state law on the ground that if the schools are closed the objects of the consent decree cannot be achieved. In effect the school board was suing the Chicago School Finance Authority--which has been permitted to intervene--to enjoin the latter from exercising its statutory control over the board's finances. See 105 ILCS 5/34A-201, 401, 406. There is real, concrete adversity, since the finance authority in its role as issuer of school bonds will be harmed if the school board is allowed to keep spending even though its budget is not balanced (which is why the finance authority refused to approve the budget).
 
 
 4
 Viewing the case, realistically, as the school board versus the finance authority (which is expressly authorized to sue and be sued, 105 ILCS 5/34A-201(a)), we believe it plain that the latter is entitled to appeal, because the TRO is more than 20 days old and the finance authority did not consent to the latest extension. Hence the TRO became a preliminary injunction immediately appealable to this court under 28 U.S.C. § 1292(a)(1). Sampson v. Murray, 415 U.S. 61, 86 (1974).
 
 
 5
 We have jurisdiction, therefore, and proceed to the merits. We believe it plain that (1) the district judge violated Fed.R.Civ.P. 65(b) by extending the TRO beyond 20 days without the consent of all parties, and (2) the relation between the consent decree and the state budget law administered by the Chicago School Finance Authority is far too attenuated to support the issuance of an injunction authorizing or compelling the school board to ignore the finance authority and disobey the School Finance Authority Act. The finance authority has never been made a party to the consent decree, and there is no intimation of racial animus behind its refusal to approve the school board's budget. The dispute between the school board and the finance authority is entirely a matter of state and local law and politics. There is no federal issue. The purported temporary restraining order--actually preliminary injunction--must therefore be dissolved.
 
 
 6
 An opinion setting forth the grounds of this decision at greater length will be issued in due course.
 
 
 7
 The order appealed from is VACATED effective immediately upon the issuance of this order.
 
 
 8
 CUDAHY, Circuit Judge, dissenting.
 
 
 9
 I respectfully dissent for the reasons stated by Judge Kocoras App. 287-92, 282-85, 215-19, 16-21 (adopting, with changes, proposed Findings of Fact and Conclusions of Law submitted by the Board of Education), p. 7 ln. 19--p. 13 ln. 13 (order issued in open court, Oct. 15, 1993), 2 (Minute Order of Oct. 15, 1993, adopting prior findings of fact and conclusions of law).